UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00386-GNS-RSE

CYNTHIA POWELL                                                                                      PLAINTIFF

v.

CITY OF RADCLIFF, KY, et al.                                                                   DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (DN 9), and Plaintiff's Motion for Leave (DN 14). The motions are ripe for adjudication. For the following reasons, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**, and Defendants' motion is **GRANTED**.

### I.     STATEMENT OF FACTS

On August 23, 2018, Defendant Wyatt Rossell ("Officer Rossell"), a police officer employed by Radcliff Police Department, responded to a shoplifting call from Defendant Jessica Jackson ("Jackson"), a loss-prevention employee at a retail store operated by Defendant Rural King Administration, Inc. ("Rural King"). (Compl. ¶ 7, DN 1). When Officer Rossell arrived, he spoke with Jackson and other loss prevention staff, who informed him that a white female entered the store, picked up some clothes, entered a changing room, and exited the room after putting most of the clothes in her purse. (Compl. ¶¶ 8-11). The employees reported that they found the discarded tags from the stolen clothes, and that the suspect only paid for one item. (Compl. ¶ 11). Jackson reported to Officer Rossell that she observed the suspect leave the store and enter a maroon SUV. (Compl. ¶ 12). Jackson gave the license plate number of the car to Officer Rossell. (Compl. ¶ 12). After Officer Rossell ran the plate, he obtained a photo I.D. of Plaintiff Cynthia Powell

("Powell") and showed it to Jackson. (Compl. ¶ 12). Powell alleges that Jackson told Officer Rossell that the suspect from the CCTV footage and the image from Powell's driver's license were the same person, even though Powell contends that CCTV footage did not match her photo. (Compl. ¶¶ 13-14).

An arrest warrant was issued for Powell, who was arrested two days later. (Compl. ¶¶ 14-15). Powell was charged with shoplifting but the charge was later dismissed by the Hardin District Court. (Compl. ¶ 17).

Powell filed this lawsuit against Defendants City of Radcliff, Officer Rossell, Rural King, and Jackson, asserting federal claims under 42 U.S.C. § 1983, and state law claims of assault, battery, and intentional infliction of emotional distress ("IIED").[1] (Compl., DN 1). In the present motions, Rural King and Jackson (jointly "Defendants") have moved to dismiss the claims asserted against them in the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Defs.' Mot. Dismiss, DN 9). Plaintiff has moved for leave to file an Amended Complaint to supplement her original allegations. (Pl.'s Mot. Leave, DN 14).

## II. DISCUSSION

### A. Plaintiff's Motion for Leave

Powell has moved for leave to file an Amended Complaint, which Defendants oppose on the basis of delay and futility. (Pl.'s Mot. Leave 1-2; Defs.' Resp. Pl.'s Mot. Leave 4). In general, Fed. R. Civ. P. 15 provides that after a responsive pleading has been served, "a party may amend

---

[1] The last count of the Complaint purports to be a claim for punitive damages, and similar claim is made in the Amended Complaint. (Compl. ¶¶ 29-30; Am. Compl. ¶¶ 34-35, DN 14-2). "However, a claim for punitive damages is not a separate cause of action, but a remedy potentially available for another cause of action." *Dalton v. Animas Corp.*, 913 F. Supp. 2d 370, 378-79 (W.D. Ky. 2012) (citation omitted). Accordingly, the Court will not address this request for damages in analyzing the parties' pending motions.

2

its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A district court should freely grant a plaintiff leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether justice would require the allowance of an amendment is a decision vested in the sound discretion of the district court. *See Hayden v. Ford Motor Co.*, 497 F.2d 1292, 1294 (6th Cir. 1974).

In determining whether to grant leave under Rule 15, a court may consider undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice, futility of the amendment, or the repeated failure to cure deficiencies by amendments previously allowed. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). While Defendants oppose the granting of leave to amend on the grounds of delay and futility, "delay alone is an insufficient basis on which to deny a motion to amend . . . ." *CP Sols. PTE, Ltd. v. Gen. Elec. Co.*, 237 F.R.D. 534, 537 (D. Conn. 2006).

The salient issue is whether the allegations in the Amended Complaint are futile. As the Sixth Circuit has noted, "[t]his Circuit has addressed the issue of 'futility' in the context of motions to amend, holding that where a proposed amendment would not survive a motion to dismiss, the court need not permit the amendment." *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980)). Under Fed. R. Civ. P. 12(b)(6), a complaint may be attacked for failure "to state a claim upon which relief can be granted." To satisfy this standard, a complaint must state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). However, "a Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir.2004) (quotation omitted). In applying this standard, a court must construe all allegations in the light

3

most favorable to the plaintiff, accept the allegations as true, and draw all reasonable inferences in favor of the plaintiff. *See Evans-Marshall v. Bd. of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005). The defendant has the burden of showing that the plaintiff has failed to state a claim for relief. *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir.1991). While all factual allegations in the complaint are accepted as true, "we need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby Cty.*, 220 F.3d 433, 446 (6th Cir.2000) (citation omitted).

### 1. *Federal Claims*

Reading the Amended Complaint in conjunction with the Complaint, Powell purports to assert two separate Section 1983 claims against Rural King and Jackson: (i) for wrongful arrest and unlawful imprisonment in violation of her Fourth and Fourteenth Amendment rights; and (ii) for negligent hiring and retention.[2] (Am. Comp. ¶¶ 11-17, 25-33; Compl. ¶¶ 18-21, 25-28). In addition, Powell purports to assert a *Monell* claim against Rural King. (Am. Compl. ¶¶ 25-33; Compl. ¶¶ 25-28).

#### a. Section 1983 – Fourth and Fourteenth Amendments

To state a plausible claim for relief under Section 1983, a claimant must allege facts demonstrating that a defendant both: (1) "violat[ed] a right secured by the Constitution and law of the United States" (2) while "acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In general, "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 591 (6th Cir. 2003) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). "Nevertheless, there

---

[2] While it is not clear from the face of either the Complaint or Amended Complaint whether the negligent hiring and retention claim arises under federal or state law, Plaintiff's response indicates that this claim arises under federal law and will be construed as such. (Pl.'s Resp. Defs.' Mot. Dismiss 5, DN 13-2).

are circumstances under which private persons may, by their actions, become 'state actors' for § 1983 purposes." *Id.* To determine whether a private person can be held liable as a state actor under Section 1983, the Sixth Circuit has recognized three tests: the public function test, the state compulsion test, and the nexus test. *See Memphis, Tenn. Area Local, Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 86 F. App'x 137, 143 (6th Cir. 2004). From Powell's response, it is unclear which test she relies upon, so the Court will consider all three tests in evaluating the sufficiency of her allegations.

### i.     Public Function Test

For the public function test to apply, "[a] private entity [must] exercise powers which are traditionally exclusively reserved to the state." *Tahfs*, 316 F.3d at 591. This test would apply to activities like holding elections or exercising the power of eminent domain. *See Howell v. Father Maloney's Boy's Haven, Inc.*, 424 F. Supp. 3d 511, 516 (W.D. Ky. 2020) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)).

In the Amended Complaint, Powell appears to allege that Rural King's loss prevention efforts and Jackson's participation in those efforts qualify as a public function. (Am. Compl. ¶ 28). Under the public function test, however, loss prevention efforts and security systems do not transform a private person into a state actor. *See Ragesdale v. Macy's Dep't Store*, No. 1:11-CV-33, 2011 WL 573594, at *2-3 (W.D. Mich. Jan. 20, 2011), *report and recommendation adopted*, No. 1:11 CV 33, 2011 WL 573598 (W.D. Mich. Feb. 15, 2011) ("Plaintiff identifies defendant Byington as a loss prevention employee. She does not allege that he was acting pursuant to a state license authorizing him to exercise the power of arrest or any other function reserved solely to the state. Under governing Sixth Circuit authority, such loss prevention employees are private citizens, and their actions cannot be 'fairly attributable to the state.'"); *Chapman v. Higbee Co.*,

319 F.3d 825, 834 (6th Cir. 2003) (holding that the public function test is not satisfied by the "mere fact that the performance of private security functions may entail the investigation of a crime. . . ."). Thus, as alleged, Powell's claim does not satisfy this test against Rural King or Jackson for either to be a state actor.

### ii. State Compulsion Test

A second test to evaluate Section 1983 claims is the state compulsion test. "The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state." *Tahfs*, 316 F.3d at 591. "More than mere approval or acquiescence in the initiatives of the private party is necessary to hold the state responsible for those initiatives." *Wolotsky*, 960 F.2d at 1335 (citing *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

In the Amended Complaint, Powell alleges that "[t]he involvement of Defendants Rural King and Jackson, with the significant encouragement of the Radcliff police was so substantial and their nexus is so close, that both Jackson and [Rural] King qualify as persons under color of state law." (Am. Compl. ¶ 13). Besides that conclusory statement, neither the Complaint nor the Amended Complaint contains any factual allegations to support this cause of action. Construing Powell's allegations in the light most favorable to her, she has alleged that Rural King and Jackson should be liable under Section 1983 for reporting her alleged crime of shoplifting to the police. (Am. Compl. ¶¶ 12-14). As both the Sixth Circuit and other courts in this district have concluded when applying the state compulsion test, reporting a crime and providing information to law enforcement is insufficient to establish a state actor under Section 1983. *See Durham v. Niffenegger*, No. 1:18-cv-0091, 2019 WL 1050018, at *5 (S.D. Ohio Mar. 5, 2019) ("Thus, 'evidence that a private citizen reported criminal activity or signed a criminal complaint does not

suffice to show state action on the part of the complainant in a false arrest case.' The plaintiff must further "show that the police in effecting the arrest acted in accordance with a 'preconceived plan' to arrest a person merely because he was designated for arrest by the private party, without independent investigation."'" (internal citation omitted) (citation omitted)); *Boykin v. Van Buren Twp.*, 479 F.3d 444, 452 (6th Cir. 2007) ("We decline to rehash the district court's reasoning on this matter, noting only that Boykin fails to direct us to any authority from this Circuit for the proposition that a private security guard, who merely places a call to police that a suspected shoplifting has occurred, but in no way directly confronts the suspect, can be deemed a state actor for purposes of § 1983." (internal footnote omitted)); *Hopson v. Wal-Mart*, No. 5:05CV-237-M, 2006 WL 939004, at *3 (W.D. Ky. Apr. 10, 2006) ("Hopson has alleged no facts to suggest any state actor or entity acquiesced to or approved of any of the alleged wrongful conduct, much less coerced such action."); *Smith v. Detroit Ent. L.L.C.*, 338 F. Supp. 2d 775, 782 (E.D. Mich. 2004) ("While it is true that state police officers were involved in the events about which Plaintiff complains, nothing in the record establishes that the state police exercised control over the casino's security personnel or its policies."); *see also In re Flint Water Cases*, 453 F. Supp. 3d 970, 987 (E.D. Mich. 2020) ("Plaintiffs' complaint includes no allegations that government officials coerced [the consulting firms] . . . to violate Plaintiffs' rights . . . Therefore, Plaintiffs' pleadings are insufficient to show that [the consulting firms] . . . are state actors under the state compulsion test."). Accordingly, Powell has also failed to state a Section 1983 claim against Defendants under the state compulsion test.

### iii. Nexus Test

Finally, Powell's allegations will be viewed under the nexus test. "The nexus test requires a sufficiently close relationship (i.e., through state regulation or contract) between the state and the

private actor so that the action taken may be attributed to the state." *Tahfs*, 316 F.3d at 591. "Merely because a business is subject to state regulation does not by itself convert its action into state action. Rather, it must be demonstrated that the state is intimately involved in the challenged private conduct in order for that conduct to be attributed to the state for purposes of section 1983." *Wolotsky*, 960 F.2d at 1335 (internal citation omitted) (citation omitted). For example, "[t]he nexus can be established with evidence of a customary or preexisting arrangement between the government and the private actor." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006) (citing *Hernandez v. Schwegmann Bros. Giant Supermarkets, Inc.*, 673 F.2d 771, 772 (5th Cir. 1982)). "Although this test requires a fact-specific analysis, the Sixth Circuit has made clear that the ties between the private party and the State must be substantial." *Jackim v. City of Brooklyn*, No. 1:05 cv 1678, 2007 WL 893868, at *24 (N.D. Ohio Mar. 22, 2007) (citing *Wolotsky*, 960 F.2d at 1335).

Powell has not alleged sufficient facts to establish that Rural King and Jackson are state actors under the nexus test. She claims that Jackson and Rural King notified law enforcement and provided information for the investigation of the crime. (Am. Compl. ¶ 12). However, "providing information to the police or responding to questions about a crime does not amount to state action for purposes of section 1983 liability." *Stapleton v. Riddell*, No. 1:09-cv-638, 2009 WL 2949304, at *2 (S.D. Ohio Sept. 11, 2009) (citing *Moldowan v. City of Warren*, 578 F.3d 351, 2009 WL 2497969, at *37 (6th Cir. 2009)); *Williams v. Walmart's, President*, No. 1:18-cv-518, 2018 WL 8415547, at *4 (S.D. Ohio Sept. 21, 2018) ("A private actor does not become a state actor merely by placing a call to police concerning a suspected shoplifting." (citing *Boykin*, 479 F.3d at 452)).

As noted above, Powell alleges that "[t]he involvement of Defendants Rural King and Jackson, with the significant encouragement of the Radcliff police, was so substantial and their

nexus is so close, that both Jackson and [Rural] King qualify as persons acting under color of state law." (Am. Compl. ¶ 13). That naked conclusion, however, devoid of supporting factual allegations is insufficient to satisfy the nexus test. Powell has failed to allege **facts** to support a plausible close relationship between Rural King and Jackson, and the Radcliff Police Department to support this claim. *See Hopson*, 2006 WL 939004, at *3 ("The Court finds no such nexus in this case. Hopson has wholly failed to allege any facts demonstrating an intimate association between any employee's action and the Commonwealth.").

Thus, the Amended Complaint fails to allege facts sufficient to support a claim that Rural King and Jackson are state actors under the public function, the state compulsion, or the nexus test. As a result, Powell has failed to state a Section 1983 claim against Rural King and Jackson.

### b. *Monell* Claim

Powell also seeks to impose liability upon Rural King by asserting a *Monell* claim. Under the Supreme Court's decision in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), a municipality cannot be liable merely under the theory of respondeat superior. *See id.* at 691. Rather, as the Sixth Circuit has explained:

> It is only when the execution of the government's policy or custom . . . inflicts the injury that the municipality may be held liable under § 1983. The local government's policy or custom must be the moving force of the constitutional violation in order to establish the liability of a government body under § 1983.

*Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (internal quotation marks omitted) (internal citations omitted) (citation omitted). While "*Monell* involved a municipal corporation, [] every circuit to consider the issue has extended the holding to private corporations as well." *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citations omitted). Thus, like a municipality, a private corporation may be subject to *Monell* liability if it enacts or fails to enact a

9

policy or custom that causes a deprivation of a plaintiff's constitutional rights. *See Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005).

As a requisite for *Monell* liability, Powell must have alleged a constitutional violation by Jackson acting as a state actor. *See Pollard v. City of Columbus*, 780 F.3d 395, 404 (6th Cir. 2015) ("[T]he constitutional violation of a municipal official is a prerequisite to municipal liability.") (citing *Weeks v. Portage Cty. Exec. Offs.*, 235 F.3d 275, 279 (6th Cir. 2000)). Because Powell has failed to state such a claim against Jackson as discussed above, Powell has failed to state a *Monell* claim against Rural King.

### 2. *State Law Claims*

In addition to her federal claims, Powell purports to assert claims for assault and battery against Jackson and Rural King under Kentucky law. (Am. Compl. ¶¶ 18-23). In addition, she mentions the tort of IIED. (Am. Compl. ¶ 21).

#### a. **Assault & Battery**

In the Amended Complaint, Powell alleges that "[t]he assault and battery, as shown by the threatened and physical actions associated with the arrest, were initiated by and, facilitated by, Defendants King and Jackson." (Am. Compl. ¶ 21). In response to Defendants' motion, Powell has clarified that the actors involved in the physical contact are the "arresting officer and the jail personnel." (Pl.'s Resp. Defs.' Mot. Dismiss 6). In arguing that the amended allegations are futile, Defendants assert that Powell has "plainly failed to present 'factual content' demonstrating that '*the defendant*[s]'—i.e., Rural King and Jackson—'are [responsible for] the misconduct alleged.'" (Defs.' Resp. Pl.'s Mot. Leave 11 (first alteration in original) (quoting *Twombly,* 550 U.S. at 555)).

Powell has not alleged sufficient facts to support these causes of action because she concedes that the arresting officer and jail personnel were the individuals who allegedly committed

10

these torts. Likewise, in her response to Defendants' motion, Powell did not identify any legal authority to support the sufficiency of her allegations to state claims for assault and battery against Rural King and Jackson after conceding that any unlawful touching or threats were committed by law enforcement personnel. Accordingly, the allegations in the Amended Complaint are futile because they fail to support claims of assault and battery against Rural King and Jackson.

### b.   IIED

Finally, Plaintiff purports to assert an IIED claim against Rural King and Jackson. (Am. Compl. ¶¶ 18-23; Compl. ¶¶ 22-24). Under Kentucky law:

> [W]here an actor's conduct amounts to the commission of one of the traditional torts such as assault, battery, or negligence for which recovery for emotional distress is allowed, and the conduct was not intended only to cause extreme emotional distress in the victim, the tort of [IIED] will not lie. Recovery for emotional distress in those instances must be had under the appropriate traditional common law action. The tort of [IIED] was intended to supplement the existing forms of recovery, not swallow them up.

*Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 299 (Ky. App. 1993). Thus, Kentucky law disfavors such claims when a plaintiff has a claim for a traditional common law tort. *See Lee v. Hefner*, 136 F. App'x 807, 814 (6th Cir. 2005) (citing *Rigazio*, 853 S.W.2d at 299). Indeed, to the extent that Jackson may have intentionally misled police to arrest Powell, a cause of action for malicious prosecution or abuse of process may lie, but not IIED. *See, e.g.*, *Robinson v. Meece*, No. 2011-CA-001479-MR, 2013 WL 1352073, at *3 (Ky. App. Apr. 5, 2013) ("Appellants did not allege that Meece intended to invade their right to freedom from emotional distress. Rather, the facts pled allege that the emotional distress stemmed from the assault, false imprisonment, and malicious prosecution. As a result, the complaint did not support an independent action for outrageous conduct.").

An exception exists, however, when a defendant's conduct was "intended only to cause emotional distress . . . ." *Brewer v. Hillard*, 15 S.W.3d 1, 7-8 (Ky. App. 1999) (internal quotation marks omitted); *see also Green v. Floyd Cty.*, 803 F. Supp. 2d 652, 655 (E.D. Ky. 2011) ("The tort of outrage is still a permissible cause of action, despite the availability of more traditional torts, as long as the defendants solely intended to cause extreme emotional distress." (citing *Brewer*, 15 S.W.3d at 7-8)). In the Amended Complaint, Plaintiff does make additional allegations regarding her IIED claim. Nevertheless, these additional allegations are insufficient to state a claim because Plaintiff has not alleged that Rural King or Jackson's conduct was solely intended to cause extreme emotional distress. (Am. Compl. ¶¶ 18-23). Nor has Plaintiff alleged that Jackson's conduct was outrageous. At most, this Court can infer that Jackson incorrectly reported Powell to the police, despite it being clear that Powell was innocent. But this is not "harassment intended to cause extreme emotional distress." *Craft v. Rice*, 671 S.W.2d 247, 250 (Ky. 1984). "Kentucky has set a high threshold for those seeking to recover under a claim for IIED." *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 791 (Ky. 2004), *overruled on other grounds by Toler v. Sud-Chemie, Inc.*, 458 S.W.3d 276 (Ky. 2014). Jackson's alleged negligent reporting is not sufficient to state a claim for IIED.

In sum, Powell's Amended Complaint fails sufficiently to plead claims for Section 1983 violations or for violations of state law against Rural King and Jackson. Therefore, Plaintiff's motion for leave to file the Amended Complaint is futile and will be denied as to Rural King and Jackson.

        B.      **Defendants' Motion to Dismiss**

In their motion, Rural King and Jackson challenge the sufficiency of the allegations in the Complaint. For the reasons discussed above with respect to the futility of Powell's proposed

Amended Complaint, the Complaint likewise fails to allege claims against Rural King and Jackson sufficient to survive a Rule 12(b)(6) motion. Accordingly, Defendants' motion will be granted.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows;

1. Plaintiff's Motion for Leave to File Amended Complaint (DN 14) is **GRANTED IN PART** and **DENIED IN PART**. To the extent that Plaintiff is amending her claims against Defendants City of Radcliff and Wyatt Rossell, the motion is granted. To the extent that Plaintiff is amending her claims against Defendants Rural King Administration Inc. and Jessica Jackson, the motion is denied because the allegations in the Amended Complaint against those Defendants are futile.

2. Defendants' Motion to Dismiss (DN 9) is **GRANTED**, and the claims asserted against Defendants Rural King Administration Inc. and Jessica Jackson in the Complaint are **DISMISSED**.

Greg N. Stivers, Chief Judge
United States District Court

November 10, 2020

cc:   counsel of record